# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL CASE NO. 3:16-cv-00300-MOC
# (CRIMINAL CASE NO. 3:13-cr-00173-MOC-1)

| | |
|---|---|
| **KENNETH LAMONT MOORE, JR.,** )<br>)<br>**Petitioner,** )<br>)<br>vs. )<br>)<br>**UNITED STATES OF AMERICA,** )<br>)<br>**Respondent.** )<br>_____) | **ORDER** |

**THIS MATTER** is before the Court on the Petitioner's Motion to Vacate Sentence under 28 U.S.C. § 2255 [CV Doc. 1][1] and the Government's Motion to Dismiss Petitioner's Motion to Vacate [CV Doc. 10]. The Petitioner is represented by Ann Hester of the Federal Defenders of Western North Carolina.

## I. BACKGROUND

On June 18, 2013, Petitioner Kenneth Lamont Moore, Jr., ("Petitioner") was charged in a Bill of Indictment with one count of conspiracy to commit bank robbery by force or violence in violation of 18 U.S.C. § 371 (Count One); one count of bank robbery by force or violence and aiding and abetting the same, in violation of 18 U.S.C. §§ 2113(a), (d) and 2 (Count Two); and one count of brandishing a firearm in furtherance of a crime of violence and aiding and abetting the same, in violation of 18 U.S.C. §§ 924(c) and 2. [CR Doc. 23: Bill of Indictment]. Count Three of the Bill of Indictment, which is implicated in the motion before the Court, reads as

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:16-cv-00300-MOC, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:13-cr-00173-MOC-1.

follows:

### **COUNT THREE**

On or about May 20, 2013, in Mecklenburg Count, within the Western District of North Carolina, the defendants [Petitioner, Antonio Demarcus Clendening, and Kamara Shanta McBrayer,] aiding and abetting each other, during and in relation to a crime of crime of violence, that is **conspiracy to commit armed bank robbery, a violation of Title 18, United States Code, Section 371 and armed bank robbery, a violation of Title 18, United States Code, Sections 2113(a) and (d) as charged in Counts One and Two**, for which they may be prosecuted in a court of the United States, did knowingly, and unlawfully use and carry one or more firearms, and, in furtherance of such crime of violence, did possess said firearms.

It is further alleged that one ore more of said firearms were brandished, in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii).

All in violation of Title 18, United States Code, Sections 924(c) and 2.

[CR Doc. 23 at 3 (emphases added)]. As noted, Count One is conspiracy to commit armed bank robbery and Count Two is substantive armed bank robbery.

On July 24, 2013, Petitioner pleaded guilty "straight up" without a plea agreement to all charges in the Indictment. [CR Doc. 40: Acceptance and Entry of Guilty Plea]. Before Petitioner's sentencing, a probation officer prepared a Presentence Investigation Report (PSR). [CR Doc. 58: PSR]. The probation officer found Petitioner's criminal history category to be II and his Total Offense Level to be 21. [Id. at ¶¶ 38]. Petitioner's statutory term of imprisonment for Count Three was a minimum of seven years to life. 18 U.S.C. § 924(c). The resultant guidelines range for imprisonment was 41 to 51 months followed by a mandatory consecutive sentence of 7 years. [Id. at ¶¶ 52-53]. Petitioner's sentencing hearing was held on March 13, 2014. The Court sentenced Petitioner to 37 months on each of Counts One and Two, to be served concurrently; and a term of

84 months on Count Three, to be served consecutively to the terms imposed for Counts One and Two, for a total of 121 months' imprisonment. [CR Doc. 75 at 2: Judgment]. Judgment on this conviction was entered on March 30, 2014. [Id.]. Petitioner did not file a direct appeal from this conviction.

On June 6, 2016, Petitioner filed a Motion to Vacate Sentence under 28 U.S.C. § 2255, arguing that his conviction under 18 U.S.C. § 924(c) is invalid under Johnson v. United States, 135 S. Ct. 2551 (2015). [CV Doc. 1]. The Court conducted an initial screening of Petitioner's Motion and ordered the Government to respond. [CV Doc. 2]. On the Government's request, the Court then stayed the matter pending the Fourth Circuit's decision in United States v. Ali, No. 15-4433. [CV Doc. 4, 5]. The Fourth Circuit then stayed Ali pending the decision of the Supreme Court in United States v. Davis, No. 18-431. The Supreme Court decided Davis on June 24, 2019. Thereafter, Petitioner filed a Supplemental Memorandum in Support of Section 2255 Motion. [CV Doc. 6]. On October 8, 2019, the Court lifted the stay of this matter. [CV Doc. 9]. The Government timely filed a motion to dismiss Petitioner's § 2255 motion to vacate. [CV Doc. 10]. The Petitioner responded to the Government's motion [Doc. 11] and the Government replied [Doc. 13].

This matter is now ripe for disposition.

II. **STANDARD OF REVIEW**

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. See

Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

**III.　DISCUSSION**

Under 28 U.S.C. § 2255, a petitioner is entitled to relief when his original sentence "was imposed in violation of the Constitution or laws of the United States, or [when] the court was without jurisdiction to impose such sentence." 28 U.S.C. § 2255(a). The Petitioner argues he is entitled to relief on these grounds because, under Johnson, his § 924(c) conviction on Count Three was imposed in violation of the Constitution and laws of the United States. [See CV Doc. 1]. Petitioner specifically contends that his "conviction for using a firearm in relation to a 'crime of violence' is void because the predicate offense of conspiracy to commit armed bank robbery does not qualify as a 'crime of violence' in light of Johnson." [Doc. 1 at 2].

In Johnson, the Supreme Court struck down the Armed Career Criminal Act's (ACCA) residual clause, 18 U.S.C. § 924(e)(2)(B)(ii), as unconstitutionally vague and held that enhancing a sentence under the ACCA's residual clause violates due process. Johnson, 135 S. Ct. at 2563. The ACCA residual clause defined a "violent felony" to include any crime punishable by a term of imprisonment exceeding one year that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). Accordingly, under Johnson, a defendant who was sentenced to a statutory mandatory minimum term of imprisonment based on a prior conviction that satisfies only the residual clause of the "violent felony" definition is entitled to relief from his sentence. The Supreme Court has held that Johnson applies retroactively to claims asserted on collateral review. Welch v. United States, 136 S. Ct. 1257, 1265 (2016).

Section 924(c), which is at issue here, criminalizes the use of a firearm in furtherance of a "crime of violence." Under § 924(c), a crime is one of violence if it either "has an element the

4

use, attempted use, or threatened use of physical force against the person or property of another," (the "force clause") or "by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (the "residual clause"). 18 U.S.C. § 924(c)(3)(B).

In short, Petitioner argues that because § 924(c)'s residual clause "is functionally indistinguishable from the ACCA's residual clause," which was found to be unconstitutionally vague, Petitioner's charge of conspiracy to commit armed robbery can qualify as § 924(c) "crime of violence" only under the force clause. [CV Doc. 1 at 4]. Three years after the Petitioner filed his motion to vacate, the Supreme Court decided United States v. Davis, 139 S. Ct. 2319 (2019). In Davis, the Supreme Court specifically held the residual clause of § 924(c)'s definition of "crime of violence" is "unconstitutionally vague." 139 S. Ct. at 2336. As such, after Davis, under Petitioner's argument, Petitioner's conviction on Count Three is only valid if conspiracy to commit armed bank robbery qualifies as a "crime of violence" under § 924(c)'s force clause.

After Davis, Petitioner filed a Supplemental Memorandum in Support of Section 2255 Motion. [CV Doc. 6]. In Petitioner's Supplemental Memorandum, he further argues that his § 924(c) conviction was based only on the conspiracy to commit armed bank robbery predicate and not on the substantive armed bank robbery offense. [CV Doc. 6 at 3-6]. Relying on United States v. Chapman, 66 F.3d 220, 227 (4th Cir. 2012) and United States v. Vann, 660 F.3d 771, 774 (4th Cir. 2011), Petitioner contends that his "guilty plea to the Section 924(c) count is predicated on the 'least serious' charge of conspiracy, not the more serious substantive charge." [Id. at 3-4].

Vann involved a direct appeal of the application of an ACCA sentencing enhancement for three previous convictions under North Carolina's indecent liberties statute, N.C.G.S. 14-202.1, the violation of which the district court found to be a violent felony. 660 F.3d at 772. Section 14-

202.1(a) provides, in pertinent part, that "[a] person is guilty of taking indecent liberties with children if, being 16 years of age or more and at least five years older than the child in question, he either:"

> (1) Willfully takes or attempts to take any immoral, improper, or indecent liberties with any child of either sex under the age of 16 years for the purposes of arousing or gratifying sexual desire; **or**
>
> (2) Willfully commits or attempts to commit any lewd or lascivious act upon or with the body or any part or member of the body of any child of either sex under the age of 16 years.

Vann, 660 F.3d at 772-73 (quoting N.C.G.S. § 14-202.1(a) (emphasis added)). Subsection (a)(2) of this criminal statute is considered a "violent felony," while subsection (a)(1) is not. The charging document, as is appropriate, stated the statute conjunctively, rather than using the disjunctive "or." Id. at 774.

The Fourth Circuit held that the district court improperly enhanced defendant's sentence based on defendant's three previous convictions under this statute because the defendant did not necessarily plead guilty to violation of subsection (a)(2), the disjunctive "violent felony," when he pleaded guilty to the conjunctively stated charge in the indictment. Vann, 660 at 774-76. The Fourth Circuit, therefore, found that defendant's indecent liberties offenses were not ACCA violent felonies and vacated defendant's sentence. Id. at 776.

In Chapman, the Fourth Circuit addressed a criminal defendant's constitutional challenge to Section 922(g)(8), which prohibits a person who is subject to a domestic violence protective order from possessing a firearm under certain circumstances. Chapman, 666 F.3d at 223. As part of this inquiry, the Court, citing Vann, noted that "when a defendant pleads guilty to a formal charge in an indictment which alleges conjunctively the disjunctive components of a statute, the rule is that the defendant admits to the least serious of the disjunctive statutory conduct." 666 F.3d

at 228 (citing Vann, 660 F.3d at 775).

Neither Vann nor Chapman apply here. Petitioner was not charged in an indictment "alleging conjunctively the disjunctive components of a statute," such that it cannot be said that Petitioner necessarily pleaded guilty to possessing a firearm in furtherance of a crime of violence in violation of § 924(c). Rather, Petitioner was charged separately with conspiracy to commit armed bank robbery (Count One) and substantive armed bank robbery (Count Two), then charged with a § 924(c) violation based on both of those predicates (Count Three). Petitioner pleaded guilty to Count Three based on the predicates stated in both Counts One and Two, to which he also pleaded guilty.

Because Petitioner plainly pleaded guilty to § 924(c) based on both conspiracy to commit armed bank robbery and substantive armed bank robbery, the Court must address whether at least one of these predicates is a crime of violence for § 924(c) purposes. The Fourth Circuit has held that armed bank robbery, 18 U.S.C. §§ 2113(a), (d), "satisfies the force clause of § 924(c)(3)," and is, therefore, a crime of violence. United States v. McNeal, 818 F.3d 141, 152-52 (4th Cir. 2016). As such, Petitioner's conviction on Count Three is valid.

The Court will, therefore, grant the Government's motion to dismiss Petitioner's Section 2255 Motion to Vacate.

## IV. CONCLUSION

Having concluded that Petitioner's conviction under § 924(c) is valid, the Court will grant the Government's motion to dismiss.

**IT IS, THEREFORE ORDERED** that:

(1) Petitioner's Section 2255 Motion to Vacate, Set Aside, or Correct Sentence [Doc. 1] is **DENIED** and **DISMISSED**.

(2) The Government's Motion to Dismiss Petitioner's Motion to Vacate [Doc. 10] is **GRANTED**.

(3) **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS SO ORDERED.**

Signed: February 6, 2020

Max O. Cogburn Jr
United States District Judge